IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE D. KENNEY,

Petitioner, No. CIV S-10-1566 JAM GGH P

vs.

RICKY HILL,

Respondent. FINDINGS & RECOMMENDATIONS

_________________________________/

I. Introduction

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Pending before the court is respondent's September 10, 2010 motion to dismiss on the grounds that this action is barred by the statute of limitations, it contains an unexhausted claim, and ground three is not cognizable on federal habeas review. Doc. 10. After carefully considering the entire record, the court recommends that respondent's motion to dismiss be granted and this case closed.

II. Motion to Dismiss

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On September 12, 2003, petitioner was sentenced to a determinate state prison term of thirty years and eights months. Lodged Document (Lod. Doc.) 1. On July 19, 2005, the California Court of Appeal, Third Appellate District, stayed the sentence on one charge, but affirmed the judgment in all other respects. Lod. Doc. 2. On November 16, 2005, the California Supreme Court granted the petition for review and several years later, on February 19, 2009, affirmed the Court of Appeal's decision. Lod. Docs. 6, 7. Petitioner's conviction became final 90 days later, on May 20, 2009, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). Time began to run the next day, on May 21, 2009. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner had one year, that is, until May 21, 2010, to file a timely federal petition, absent applicable tolling. The instant action, filed June 15, 2010,[1] is not timely unless petitioner is

[1] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court. Houston v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period). In any event, the mailbox rule is inconsequential in this case.

entitled to statutory or equitable tolling.

Petitioner filed one state post-conviction collateral action:

1. August 8, 2007: Habeas petition filed in Sacramento County Superior Court. Lod. Doc. 8. The petition was denied on September 10, 2007. Lod. Doc. 9.

Petitioner filed the instant petition on June 15, 2010.

Discussion

In the instant case, petitioner's only state habeas petition was filed and denied in 2007, prior to the commencement date of the statute of limitations in 2009. The Ninth Circuit has held that a state habeas petition filed and denied before petitioner's conviction becomes final and the limitations period begins running, has no tolling consequences under AEDPA. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008).

Petitioner was granted two extensions to file an opposition to the motion to dismiss yet petitioner's filing is only a few paragraphs. Petitioner's only argument in response to the statute of limitations claim is that he did not receive a letter regarding the February 19, 2009, California Supreme Court denial until March 23, 2009. As a result, petitioner contends that the 90 days to file a petition for writ of certiorari in the United States Supreme Court began on March 23, 2009, when he received the letter, thus the federal habeas statute of limitations did not begin until the 90 days expired on June 24, 2009. Petitioner argues that his federal habeas petition is therefore timely as it was filed within one year of that date.

Petitioner cites no case law for his argument or any exhibits demonstrating that he actually received notice of the California Supreme Court denial on March 23, 2009. Ultimately, 28 U.S.C. § 2244(d)(1)(A), specifically refers to the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," not when a petitioner receives notice. See Potts v. Giurbino, 2006 WL 1377105 *5 (E.D. Cal., 2006).

Even assuming argueno that petitioner did not receive notice until March 23,

2009, he has still failed to show that his federal petition is timely or he suffered any prejudice from the later notice. If petitioner received the notice on March 23, 2009, he still had approximately two months, until May 21, 2009, to file a writ with the United States Supreme Court, but petitioner chose not to. Most importantly, petitioner had approximately two months before the federal habeas statute of limitations even began and was aware that the time limit was going to commence.

While petitioner's argument could have merit if the statute of limitations began to run before petitioner was notified, that is not the situation here as petitioner still had two months before it began. Despite all this time and notice, petitioner still did not file his federal petition until June 15, 2010. Nowhere in his motion does petitioner even attempt to explain why he waited so long to file the instant petition or what prevented him from waiting until after it expired. It does not appear that the alleged month it took for petitioner to learn of the California Supreme Court denial had any effect on petitioner's untimely federal filing. Thus, petitioner is not entitled to any statutory tolling nor will this argument qualify for equitable tolling.[2]

Accordingly, IT IS HEREBY RECOMMENDED that respondent's September 10, 2010, motion to dismiss (Doc. 10) be granted and this case closed.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[2] As the undersigned has found that the petition is untimely, respondent's other arguments need not be addressed.

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 02/24/2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

ggh: ab
kenn1566.mtd